**LI QIANG LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1592–ag.**

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Robert J. Pures II, Christophe & Associates, P.C., New York, N.Y., for Petitioner.

Bradley J. Schlozman, U.S. Atty. for the Western District of Missouri, Frances Reddis, Asst. U.S. Atty., Kansas City, MO, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Li Qiang Li, a native and citizen of China, seeks review of a March 30, 2006 order of the BIA denying his motion to reopen. *In re Li Qiang Li,* No. A73 181 768 (B.I.A. Mar. 30, 2006). In a previous decision, the BIA affirmed a decision by Immigration Judge Sandy K. Hom, finding Li not credible with respect to his claims for asylum and withholding of deportation. *In re Li Qiang Li,* No. A73 181 768 (B.I.A. July 8, 2002), *aff'g* No. A73 181 768 (Immig. Ct. N.Y. City Apr. 30, 1998). We assume the parties' familiarity with the underlying facts and procedural history.

Li argues in his brief that the BIA and IJ erred in denying his initial asylum application because the adverse credibility finding is not supported by substantial evidence. He also argues that he testified credibly before the IJ about his past persecution claim. However, because Li did not file a timely petition for review from the BIA's decision, this Court cannot consider those claims; this Court's review is confined to the denial of Li's motion to reopen. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

This Court reviews the BIA's denial of a motion for abuse of discretion. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted).

Although the BIA noted that Li's motion was untimely under 8 C.F.R. § 1003.2(c)(2), it did not specifically address whether it fell within any of the exceptions to the filing deadline. Instead, the BIA appeared to have assumed Li's motion could have fallen within an exception, either the exception for changed country conditions or for successive asylum applications, and denied the motion because Li failed to establish *prima facie* eligibility. A movant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In this case, the BIA did not abuse its discretion in determining that Li failed to prove a reasonable possibility of persecution in China on account of having two children. The documents Li submitted in support of his motion to remand included the birth certificate for his second child and various articles on the Chinese family planning policy and its enforcement. However, none of the articles submitted discusses whether there is a national, or regional, policy regarding the treatment of parents with at least one child born in the United States. In addition, Li submitted an affidavit from Dr. John Aird, which describes how U.S.-born children of Chinese citizens may be viewed under the family planning policy. While Dr. Aird's affidavit offers general evidence about the policy, because the affidavit was not specifically prepared for Li and is not particularized with regard to his circumstances, its relevance is limited. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006). Accordingly, the BIA did not abuse its discretion in determining that Li failed to produce sufficient evidence that he would be subject to persecution under the policy upon his return to China with two children, one of which was born in the United States. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was

"speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *Matter of C–C–*, 23 I. & N. Dec. 899, 901–04, 2006 WL 805042 (B.I.A.2006) (holding that an alien failed to establish *prima facie* eligibility for asylum when she did not provide specific evidence that returning Chinese nationals with U.S.-born children will be subject to forced sterilization or other persecution under the family planning policy). Because the BIA did not abuse its discretion in finding that Li failed to establish *prima facie* eligibility for asylum, the BIA also did not abuse its discretion in determining that Li failed to prove eligibility for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

Based on the foregoing, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).